**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IMRE KIFOR,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS; MASSACHUSETTS SUPREME JUDICIAL COURT; and KIMBERLY S. BUDD, Chief Justice,<br><br>Defendants. | Civil Action No. 26-CV-11536-AK |

**MEMORANDUM AND ORDER**

**KELLEY, D.J.**

Plaintiff Imre Kifor ("Kifor") has filed a *pro se* Complaint [Dkt. 1] and an Application to Proceed in District Court Without Prepaying Fees or Costs [Dkt. 2]. For the reasons set forth below, this Court **GRANTS** the Application to Proceed in District Court Without Prepaying Fees or Costs. The Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and reminds Kifor that he is subject to the March 31, 2026 Order of Enjoinment.

## I. Background

On April 1, 2026, Kifor filed a Complaint[1] seeking declaratory, injunctive and monetary relief for the alleged violation of his rights under federal and state law. [Dkt. 1]. Named as

---

[1] The full title of the Compliant is "Imre Kifor's complaint for deprivation of civil rights and conspiracy to deprive civil rights (42 U.S.C. §§ 1981, 1983, 1985) against the Commonwealth of Massachusetts, the Massachusetts Supreme Judicial Court, and the Chief Justice of the Massachusetts Supreme Judicial Court (in official capacity). [Dkt. 1 at 1].

Defendants are the Commonwealth of Massachusetts, the Massachusetts Supreme Judicial Court ("SJC"), and Kimberly S. Budd, SJC Chief Justice. [Id. at ¶¶ 5-7]. Kifor asserts claims under 42 U.S.C. §§ 1981, 1983, and 1985. [Id. at ¶ 9].

Plaintiff's Complaint consists primarily of a recounting of child custody proceedings in Middlesex Probate and Family Court as well as Kifor's efforts to obtain review of adverse actions taken against him. [Id. at *passim*]. Among other things, he alleges that he "has been the direct and long-term target of a sustained and systemic scheme of 'reverse discrimination' operated by the Massachusetts Probate and Family Court, Middlesex Division (the 'Family Court') and the Commonwealth's agencies," [id. at ¶ 17], and he further alleges that "[s]ince January 31, 2022, the SJC has denied every single petition [Kifor] has filed – more than twelve petitions and applications – without ever substantively engaging with [Kifor's] documented, uncontested evidence of discrimination, falsified records, discarded pleadings, and organized obstruction of justice." [Id. at ¶ 28]. He complains of the imposition of "gatekeeper" filing restrictions imposed by the SJC and other courts including this Court.[2] [Id. at ¶¶ 20, 32].

## II. The Application to Proceed Without Prepaying Fees or Costs

Upon review of Kifor's Application to Proceed in District Court Without Prepaying Fees or Costs, the Court concludes that he is without income or assets to pay the $405.00 filing fee. The Application to Proceed in District Court Without Prepaying Fees or Costs [Dkt. 2] is therefore **GRANTED**.

---

[2] The Order of Enjoinment provides in part that:

> Unless represented by counsel, Imre Kifor is enjoined from commencing any new action on the civil docket of this Court without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so.

Kifor v Commonwealth, et al., No. 25-CV-11831-AK (D. Mass. Mar. 31, 2026) [Dkt. 31 at 2], appeal filed, No. 26-1346.

## III. Screening the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" may be dismissed *sua sponte* at any time under Section 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319, 327 (1989). In conducting this review, the Court liberally construes the pleadings because Kifor is proceeding *pro se*. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## IV. Discussion

The instant action is one in a continuing series of lawsuits stemming from Kifor's dissatisfaction with various state court proceedings related to child custody proceedings. The crux of this action is Kifor's challenge to rulings made by the Probate and Family Court and state appeals courts, regardless of how the claims are framed.

Prior to the Order of Enjoinment, Kifor had been warned that if he continues to file complaints concerning the proceedings in state court, he may be restrained from filing any future complaints with this Court as well as become subject to other filing restrictions and sanctions. See Kifor v Commonwealth, et al., No. 23-CV-12692-PBS (D. Mass. Jan. 5, 2024) [Dkt. 17], aff'd, No. 24-1075 (1st Cir. Nov. 19 2025); Kifor v Commonwealth, et al., No. 25-CV-11831-

AK (D. Mass. Mar. 31, 2026), appeal filed, No. 26-1346. This action was filed on April 1, 2026, one day after the Cout issued the Order of Enjoinment.

Here, to the extent Kifor brings suit against the SJC Chief Justice and other judicial defendants, it is well settled that judges have absolute immunity from civil suit for actions taken in their judicial capacities. Notably, absolute immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (internal citations omitted). Moreover, absolute judicial immunity is a protection from suit, not just from damages. Mireless v. Waco, 502 U.S. 9, 11 (1991).

Although the Complaint references 42 U.S.C. § 1985, Kifor has not identified what subsection of this statute from which liability could be found. "Section 1985 has three subsections, each of which sets forth a distinct cause of action." Donahue v. City of Boston, 304 F.3d 110, 122 n.9 (1st Cir. 2002). To the extent Kifor asserts a conspiracy to interfere with civil rights under 42 U.S.C. § 1985, the Complaint can be construed as asserting claims under subsections 2 and 3 of § 1985 which prohibits conspiracies to interfere with the civil rights of individuals and to deny to any citizen the equal protection of the laws. As so construed, the Complaint fails to state a cause of action because his conclusory assertions are speculative and devoid of supporting factual allegations to establish claim under 42 U.S.C. §§ 1985(2), (3).

To the extent that Kifor challenges the final outcome of any of his state court proceedings, his claims are barred under the Rooker-Feldman doctrine.[3] That doctrine deprives lower federal

[3] The doctrine was created by two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983).

courts of jurisdiction over cases brought by non-prevailing parties "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Rather, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of P.R.–P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari."). The Court does not have authority to grant Kifor relief from a state court action that has been terminated. To the extent Kifor is asking this Court to review or reject the holdings of his previous state court proceedings that he alleges have caused him injury, such claims are barred by the Rooker-Feldman doctrine.

Additionally, to the extent state court proceedings are ongoing, any claims involving the current status of such litigation are not properly before this Court under the Younger abstention doctrine.[4] Younger and its progeny prohibit federal courts from interfering with certain pending state judicial or administrative proceedings. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Here, abstention is required.

Thus, the Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a plausible claim for relief. In light of the nature of the claims asserted, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

[4] Younger v. Harris, 401 U.S. 37 (1971).

## V. Conclusion

Accordingly,

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 2] is **ALLOWED**.

2. Plaintiff's Complaint [Dkt. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk shall enter a separate order of dismissal.

3. Plaintiff is reminded that he is enjoined from commencing new actions on the civil docket of this Court without first receiving permission to do so.

**SO ORDERED.**

Dated: October 13, 2026

/s/ Angel Kelley____________
Hon. Angel Kelley
United States District Judge